UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALVADOR ESTRADA,

    Petitioner,

    v.

FRANCISCO JAQUEZ, warden,

    Respondent.
                              /

No. C 09-939 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Salvador Estrada, an inmate at Pelican Bay State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Estrada's petition provides the following information: Estrada was convicted in Napa County Superior Court of attempted voluntary manslaughter. Sentence enhancement allegations of great bodily injury and gang-related criminal activity were found true. Estrada was sentenced on January 30, 2006 to 18-1/2 years in prison. He appealed. His conviction was affirmed by the California Court of Appeal and his petition for review in the California Supreme Court was denied. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts the following claims: (1) the evidence was insufficient to support the finding that one of the primary activities of "Riverside" was to engage in the enumerated gang activities for purposes of the gang enhancement, see Jackson v. Virginia, 443 U.S. 307 (1979) (2) jury misconduct, and (3) Estrada's right to a jury trial was violated because his upper term sentence was based on a juvenile adjudication for which he did not have a right to trial by jury, see Cunningham v. California, 549 U.S. 270 (2007). Liberally construed, the claims are cognizable in a federal habeas action.

**CONCLUSION**

For the foregoing reasons,

1.  The petition states cognizable claims for habeas relief and warrants a response.

2.  The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.  Respondent must file and serve upon petitioner, on or before **August 28, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the

answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

    4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 2, 2009**.

IT IS SO ORDERED.

DATED: June 11, 2009

                                                        SUSAN ILLSTON
                                            United States District Judge